UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 15-079-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 17-359-DCR |
| | ) | |
| TANIESHA C. STRICKLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Taniesha Strickland pleaded guilty in April 2016 to conspiring to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Record Nos. 77, 98] She was later sentenced to a term of imprisonment of 57 months, to be followed by a three-year term of supervised release. [Record No. 98] Strickland did not file a direct appeal.[1] However, she filed a *pro se* motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 on August 24, 2017. [Record No. 114]

**I.**

Strickland's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). After briefing, United States Magistrate Judge Hanly A. Ingram recommended that Strickland's § 2255 motion be denied. [Record No. 127] Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. §

---

[1] Strickland waived the right to appeal her guilty plea and conviction. She also waived the right to collaterally attack her guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. [*See* Record No. 95, p. 5.]

- 1 -

636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, a party who fails to file timely objections to a magistrate's recommendation generally waives her right to appeal. *Id.* at 153-54.

More than 14 days have passed and neither party has filed objections. Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's Recommended Disposition.

**II.**

Strickland raised thirty-eight separate arguments in her § 2255 motion, which frequently overlap with one another. At times, the arguments are difficult to follow. However, the Magistrate Judge painstakingly analyzed each claim and explained why Strickland has failed to state a viable argument under § 2255. Although not required to do so, this Court has reviewed each of Strickland's arguments and has determined that her petition should be denied.

As an initial matter, Strickland's claims that her guilty plea was not knowing and voluntary are without merit. This Court thoroughly followed the requirements of Rule 11 during the defendant's plea hearing, ensuring that her guilty plea was knowing and voluntary. [*See* Record No. 124.] Strickland advised the Court that no one had made any threats or in any way forced her to enter a guilty plea. *Id.*, p. 14. Her allegations concerning trial counsel's out-of-court statements are belied by her complete and truthful statements made under oath during the plea hearing. *See United States v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993) (defendant bound by statements made in response to trial judge's scrupulous Rule 11 inquiry).

Further, the record belies Strickland's suggestion that she was incompetent to enter a plea or that her attorney should have requested a competency evaluation. She denied having ever been diagnosed with or treated for any type of mental health condition. [Record No. 124, pp. 5-6] Strickland advised the probation officer that she left high school during her senior year, but obtained her GED in 2016. She argues that she is "slow in thinking" and was unable to understand the proceedings, but at the time of the events that led to her charges, she was attending her fourth semester of community college, working toward a degree as a pharmacy technician.

Strickland was charged following the execution of a search warrant at an apartment located at 175 North Locust Hill Drive in Lexington, Kentucky. Strickland maintains that she was just a visitor who had arrived at the apartment the previous day. As the Magistrate Judge noted, many of Strickland's claims are focused on a theory of mistaken identity, in which Strickland suggests that she has been confused with another woman who actually paid rent at the apartment. [*See* Record No. 114, pp. 7, 27.] Strickland argues that counsel's investigation into this theory was inadequate. She also contends that counsel failed to disclose to her discovery items concerning the search warrant. *Id.*

Strickland's claims regarding mistaken identity are of little consequence. Pursuant to her plea agreement, Strickland admitted that, along with co-Defendant Antonio Rosebur, she sold small amounts of heroin to a cooperating source in July 2015. [Record No. 95, p. 2] Although Strickland maintains that she arrived in Lexington the day before the search warrant was executed, she told police that she had accompanied Rosebur as he transported drugs from Detroit to Lexington and that she distributed small quantities of heroin while in Lexington. Upon execution of the search warrant, officers seized heroin from the defendant's wallet and

cocaine from her shoe.  During her plea colloquy, Strickland advised the Court that she knew that Rosebur was selling drugs and that she helped him.  Specifically, she stated that she sold drugs for him when he was sick, or if he was not there, or when he asked her to do it.  [Record No. 124, pp. 24-25]

To establish ineffective assistance of counsel, Strickland must show not only that her attorney's assistance fell below an objective standard of reasonableness, but also that she was prejudiced by his performance.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Put simply, Strickland has failed to allege that she was prejudiced by counsel's alleged failure to investigate the mistaken identity theory or to disclose discovery regarding the search warrant.

The defendant also contends that her attorney provided ineffective assistance by failing to file motions to suppress, sever, to dismiss the indictment, and for a change of venue.  However, a defendant alleging that counsel has been ineffective for failing to file a particular motion must show that the motion would have been meritorious.  *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  Strickland has not provided any facts or arguments to suggest that any of these motions would have been successful.  Further, counsel reported in his affidavit that he evaluated the search warrant and determined that filing a motion to suppress would have been meritless.  Counsel is not required to raise frivolous defenses or arguments to avoid a charge of ineffective representation.  *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).

Strickland also claims that her attorney did not explain the appeal process and advised her that she would be unable to pay him to represent her on appeal.  [Record No. 114, p. 41] But even if these allegations are true, Strickland's argument is unavailing. At the conclusion of the sentencing hearing, the Court advised her of her right to appeal, the timeframe for doing so, and her ability to have an attorney appointed to represent her during an appeal.  Strickland

signed a document indicating that she had been read these rights in open court and that she had been provided a copy. [Record No. 96] Likewise, the Court is unpersuaded by Strickland's claim that she has been prejudiced by her attorney's alleged failure to explain that she would be unable withdraw her guilty plea. The Court explained this to Strickland (and she acknowledged her understanding) before accepting her guilty plea. [Record No. 124, pp. 20-23]

### III.

Based on the foregoing, Strickland has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a Certificate of Appealability shall not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 127] is **ADOPTED** and **INCORPORATED**, by reference.

2. Strickland's motion to vacate under 28 U.S.C. § 2255 [Record No. 114] is **DENIED** and her claims are **DISMISSED**, with prejudice and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability is **DENIED**.

This 12th day of February, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge